UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CLARENCE R. HULL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-CV-94-TAV-CRW ) |
| CENTURION DETENTION HEALTH SERVICES, NURSE GILLIUM, WARDEN HOLLOWAY, DR. LOGAN, NURSE CORNETT, CPL. GUIZZOTTI, and TENNESSEE DEPARTMENT OF CORRECTION/NECX, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983 in which Plaintiff asserts claims for denial and delay of his receipt of medical care in violation of the Eighth Amendment [Doc. 1]. This complaint was originally filed in United States District Court for the Middle District of Tennessee, which transferred this case to this Court after granting Plaintiff leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff will have fifteen (15) days from the date of entry of this order to file an amended complaint.

I.  SCREENING

   A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915(A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Analysis**

In his complaint, Plaintiff alleges that Defendants denied him medical care and/or delayed his receipt of proper medical care in violation of the Eighth Amendment [Doc. 1 p. 4–6, 8–10, 12–14]. Plaintiff has sued "Centurion Detention Health Services"/"CT Corporation System," a prison corporal, several prison medical providers, and the Tennessee Department of Correction/Northeast Correctional Complex ("NECX") [*Id.* at 2–3]. Plaintiff has sued all individual Defendants in their official capacity only [*Id.* at 2].

By suing the individual Defendants in their official capacities only, Plaintiff has effectively sued only the entities employing the individual Defendants. *Kentucky v. Graham*,

2

473 U.S. 159, 165 (1985) (holding that claims against officials in their official capacity are effectively claims against the entity that employs them). However, nothing in Plaintiff's complaint allows the Court to plausibly infer that any custom or policy of the entity Defendants that employ the individual Defendants caused any violation of Plaintiff's constitutional rights. Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant as filed. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (holding that a private corporation acting under color of state law may not be liable under § 1983 for constitutional violations based upon a theory of *respondeat superior*, but rather may be liable only where its custom or policy caused a constitutional violation) (citing *Monell*, 436 U.S. at 691).

Nevertheless, as the complaint allows the Court to plausibly infer that the individual Defendants may have violated Plaintiff's constitutional rights, the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the defendants are responsible for any such violation.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

## II. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

2. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

3. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely replace the previous complaint;

4. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D.T.N. LR 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE