UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CLARENCE R. HULL JR., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 2:20-CV-94-TAV-CRW |
| NURSE LOGAN EDWARDS, NURSE CORNETT, CORPORAL GUIZZOTTI, and NURSE JOHNSON, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claims that Defendants failed to timely provide him medical care in violation of the Eighth Amendment [Doc. 10 p. 8–11]. Now before the Court are Defendant Nurse Logan Edwards's[1] motion to dismiss the claim against him [Doc. 24] and Plaintiff's motion for extension of time to file Healthcare Insurance Portability and Accountability Act ("HIPAA") forms [Doc. 32]. Plaintiff filed a response opposing Defendant Nurse Logan Edwards's motion [Doc. 26], and Defendant Nurse Logan Edwards filed a response opposing Plaintiff's motion [Doc. 33]. For the reasons set forth below, these motions [Docs. 24, 32] will be **DENIED**.

---

[1] As the individual that Plaintiff referred to as "Dr. Logan" in his amended complaint [Doc. 9] is actually Logan Edwards, N.P. [Doc. 24 p. 1; Doc. 25 p. 1], the Court will refer to him as "Defendant Nurse Logan Edwards" herein, and the Clerk will be **DIRECTED** to update the Court's docket to reflect this.

## I. MOTION TO DISMISS

### A. Standard of Review

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a plausible claim for relief when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

### B. Allegations

As to Defendant Nurse Logan Edwards, this action is proceeding as to Plaintiff's claim that on March 9, 2020, he "may have perceived that Plaintiff was experiencing a medical issue that required immediate care but did not provide Plaintiff with that care, and thus, may have violated Plaintiff's Eighth Amendment rights" [Doc. 10 p. 9]. The relevant factual allegations underlying this claim are that, at approximately nine p.m. on March 8, 2020, Plaintiff told Defendant Nurse Johnson that he had had an erection for approximately twenty-four hours, but she did not provide him any medical care [*Id.* at 2–3]. Plaintiff saw Defendant Nurse Cornett the next morning, and Defendant Nurse Cornett stated "that medical treatment is necessary for an erection lasting more than four hours to avoid disfigurement or removal of the penis . . . [and] that he would be taken to the emergency room" after this Defendant spoke to Defendant Nurse Logan Edwards [*Id.* at 3].

2

But Plaintiff never heard back from Defendant Nurse Cornett that day, and he therefore kept asking an officer if he had heard from a medical provider [*Id.* at 4]. The officer eventually spoke to Defendant Nurse Cornett, who told the officer that he had told Defendant Nurse Logan Edwards "about Plaintiff's situation and did not understand why Plaintiff was not in the emergency room" [*Id.*]. Plaintiff then explained his situation to Defendant Corporal Guizzotti, but after Corporal Guizzotti left to call Defendant Nurse Logan Edwards for Plaintiff, "he returned and told Plaintiff that the officer had already called the doctor for Plaintiff several times" [*Id.*]. Corporal Guizzotti also indicated to Plaintiff that Defendant Nurse Logan Edwards "was busy, and when he wanted to see Plaintiff, he would call" [*Id.*]. But Plaintiff "later learned in the infirmary that medical had called Corporal Guizzotti to bring Plaintiff to the infirmary at some point, but Corporal Guizzotti was busy and forgot" [*Id.*].

After shift change that evening, someone took Plaintiff to the infirmary, but Defendant Nurse Logan Edwards had left [*Id.* at 4]. A nurse called him, and he told the nurse to take Plaintiff to the hospital/emergency room, where Plaintiff received two emergency surgeries and stitches that left him with permanent disfigurement and irreversible damage [*Id.* at 4].

### C. Analysis

In his memorandum in support of his motion to dismiss, Defendant Nurse Logan Edwards first argues that the allegations in Plaintiff's amended complaint fail to state a claim upon which relief may be granted under § 1983 as to him [Doc. 25 p. 4–7]. He next

3

asserts that Plaintiff's claim against him should be dismissed because Plaintiff did not exhaust his available administrative remedies for this claim [*Id.* at 7–9]. Lastly, Defendant Nurse Logan Edwards avers that Plaintiff's claim proceeding against him sounds in negligence, and thus the Court should dismiss it due to Plaintiff's failure to comply with the Tennessee Health Care Liability Act ("THCLA") [*Id.* at 9–10]. However, as the amended complaint adequately alleges that: (1) Defendant Nurse Logan Edwards violated Plaintiff's rights under the Eighth Amendment, which is the only claim proceeding against him herein [Doc. 10 p. 9[2]], and (2) Plaintiff exhausted his administrative remedies for this claim, these arguments are without merit.

### 1. Failure to State a Claim for Violation of the Eighth Amendment

#### a. Standard

The Eighth Amendment "forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted). An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511

---

[2] As this is the only claim proceeding herein, the Court will not address Defendant Nurse Logan Edwards's allegation that Plaintiff failed to comply with the THCLA.

4

U.S. 825, 834, 842 (1994). This subjective state of deliberate indifference requires a plaintiff to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

However, the fact that a prisoner might disagree with the adequacy of care given does not implicate the Constitution. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1996). This is because "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* Thus, differences in the opinions of inmates and medical personnel regarding the appropriate treatment, even where the prisoner is ultimately misdiagnosed and therefore inadequately treated, is not enough to state a claim of deliberate indifference. *See, e.g., Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Accordingly, deliberate indifference requires a mental state amounting to criminal recklessness, and negligence is insufficient. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40).

### b. Arguments

In his memorandum in support of his motion to dismiss, Defendant Nurse Logan Edwards acknowledges that Plaintiff adequately alleges a serious medical need underlying his Eighth Amendment claim proceeding against this Defendant herein [Doc. 25 p. 4]. However, Defendant Nurse Logan Edwards argues that the allegations of the amended

5

complaint are insufficient to meet the subjective component of an Eighth Amendment claim, as the only facts therein that indicate Defendant Nurse Logan Edwards knew of and disregarded Plaintiff's serious medical need are from other people [*Id.* at 5]. He further emphasizes Plaintiff's allegation that he later learned that someone from the medical department called for Plaintiff at some point on March 9, presumably after Defendant Nurse Cornett spoke to Defendant Nurse Logan Edwards, but that Plaintiff was not sent to the infirmary in response to this call due to Defendant Officer Guizzotti's omission, and when Plaintiff finally did reach the infirmary, the nurse called the on-call doctor, who sent Plaintiff to the hospital [*Id.* at 6–7].

Defendant Nurse Logan Edwards additionally argues that, as the amended complaint does not allege that anyone "directly relayed" information about Plaintiff's condition to him, it fails to state a claim under § 1983 as to him [*Id.* at 6]. He also asserts that it was correctional staff, rather than medical providers, who delayed Plaintiff from obtaining medical care, before citing case law supporting the assertion that where a prisoner alleges that he obtained medical treatment that is negligent, his claims do not rise to the level of a constitutional violation [*Id.* at 6–7].

In his response in opposition to Defendant Nurse Logan Edwards's motion to dismiss, Plaintiff did not address Defendant Nurse Logan Edwards's argument that the amended complaint failed to state a claim upon which relief may be granted for violation of his Eighth Amendment rights as to this Defendant [Doc. 26].

6

### c. Analysis

Defendant Nurse Logan Edwards's arguments are without merit. First, as set forth above, nothing in the amended complaint indicates that this Defendant (or any other medical providers) provided Plaintiff any medical treatment at all on March 8 or 9, including negligent medical treatment, before finally sending Plaintiff to the hospital on the evening of March 9. Rather, as the Court held in its screening order, the amended complaint sufficiently alleges that Defendant Nurse Logan Edwards, and all other remaining Defendants, violated Plaintiff's rights under the Eighth Amendment by delaying his ability to receive medical care [Doc. 10 p. 8–11].

Moreover, contrary to Defendant Nurse Logan Edwards's allegation that the amended complaint does not allege that anyone directly told him about Plaintiff's medical issue, Plaintiff states in his amended complaint that he told Defendant Nurse Cornett about his condition on the morning of March 9, at which point Defendant Nurse Cornett realized the seriousness of the issue and stated that Plaintiff would be sent to the hospital after Defendant Nurse Cornett spoke to Defendant Nurse Logan Edwards, and that Defendant Nurse Cornett later told an officer that he had spoken to Defendant Nurse Logan Edwards and did not understand why Plaintiff was not in the hospital. To be sure, these allegations are not direct evidence that Defendant Nurse Logan Edwards knew of and disregarded a substantial risk to Plaintiff based on his serious medical need on March 9. But as they allow the Court to plausibly infer as much, Defendant Nurse Logan Edwards is not entitled

7

to dismissal of this claim, and Plaintiff is entitled to discovery to attempt to establish this claim.

Moreover, while Defendant Nurse Logan Edwards emphasizes that Plaintiff acknowledges in his amended complaint that he later learned that someone from the jail medical department attempted to call him to the infirmary at some point during the day on March 9, but Defendant Corporal Guizzoti forgot to send him, this allegation does not carry the exculpatory weight for Defendant Nurse Logan Edwards that he seeks to put on it. To the contrary, as set forth above, the totality of Plaintiff's allegations would demonstrate that: (1) on the morning of March 9, Defendant Nurse Cornett acknowledged an excessive risk of harm to Plaintiff from his erection lasting thirty-four hours and stated that Plaintiff would be sent to the hospital after Defendant Nurse Cornett spoke to Defendant Nurse Logan Edwards; (2) at some point during the day on March 9, Defendant Nurse Cornett told an officer that he had spoken to Defendant Nurse Logan Edwards and did not understand why Plaintiff was not in the hospital; and (3) also at some point during the day of March 9, a medical provider called to ask Defendant Corporal Guizzotti to send Plaintiff to the infirmary, but that medical provider left his shift without ensuring that Plaintiff received medical care. Taken together and accepted as true, these facts allow the Court to plausibly infer that a medical provider on duty in the infirmary on March 9 knew of and disregarded substantial risk of serious harm to Plaintiff. Additionally, these allegations strongly suggest that this medical provider was Defendant Nurse Logan Edwards, or that

8

Defendant Nurse Logan Edwards also was aware of and disregarded a risk of harm to Plaintiff due to his medical condition.

Thus, Defendant Nurse Logan Edwards's argument that the amended complaint fails to state a claim upon which relief may be granted as to him under § 1983 is unavailing.

### 2. Exhaustion

Defendant Nurse Logan Edwards next alleges that Plaintiff's claim against him should be dismissed because Plaintiff failed to exhaust his available administrative remedies for that claim, as the Prison Litigation Reform Act requires [Doc. 25 p. 7–9]. However, Plaintiff stated in his sworn amended complaint that on March 16, 2020, he filed a grievance for the incident underlying his claims proceeding herein, but he did not receive a response [Doc. 9 p. 2]. Also, in his response in opposition to Defendant Nurse Logan Edwards's motion to dismiss, Plaintiff again states that he filed timely grievances about the incident underlying his complaint to which he never received responses, except a response to one grievance stating that he had already filed a grievance about the incident [Doc. 26 p. 1], and he has filed documents that appear to support this assertion [*Id.* at 3–8]. In his reply to Plaintiff's response, Defendant Nurse Logan Edwards implies that Plaintiff did not actually file the grievance(s) on which Plaintiff relies in his response [Doc. 30].

But, accepting the allegations of Plaintiff's sworn amended complaint as true, as the Court must do at this stage of litigation, Plaintiff attempted to timely file a grievance regarding the incident underlying his complaint, to which he did not receive a response.

9

Where a prisoner properly files a grievance to which he does not receive a response, he is deemed to have exhausted that remedy. *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004).

Thus, Defendant Nurse Logan Edwards is not entitled to dismissal of Plaintiff's Eighth Amendment claim against him based on Plaintiff's failure to exhaust his administrative remedies.

## II. MOTION FOR EXTENSION

In his motion for extension, Plaintiff seeks an unspecified amount of time to file four HIPAA forms due to his lack of knowledge of this requirement for filing this lawsuit [Doc. 32 p. 1]. In his response in opposition to this motion, Defendant Nurse Logan Edwards notes that it is unclear from this motion what deadline Plaintiff seeks to extend, as Plaintiff had already filed a response in opposition to Defendant Nurse Logan Edwards's motion to dismiss when he filed this motion, and Defendant Nurse Logan Edwards has not requested any HIPAA forms or other discovery from Plaintiff, but asserts that Plaintiff is not entitled to any such extension [Doc. 33 p. 1].

However, to the extent that Plaintiff may seek an extension of time to file HIPAA forms to respond to Defendant Nurse Logan Edwards's argument in his motion to dismiss this action that Plaintiff's claims fall under the THCLA and Plaintiff thus had to file written pre-suit notice [Doc. 25 p. 9–10], this request is unnecessary because, as set forth above, this action is proceeding only as to Plaintiff's claim that all remaining Defendants violated his Eighth Amendment rights, which falls under federal law and thus does not require

10

written pre-suit notice, or HIPAA forms.  Also, Plaintiff has stated no specific reason that he needs such forms, or an extension of time to obtain them.

Thus, this motion [Doc. 32] will be **DENIED**.

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to update the Court's docket to reflect that the Defendant Plaintiff named as "Dr. Logan" is Nurse Logan Edwards;

2. Defendant Nurse Logan Edwards's motion to dismiss the complaint as to him [Doc. 24] is without merit and **DENIED**;

3. Plaintiff's motion for extension of time to file HIPAA forms [Doc. 32] is **DENIED**; and

4. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE