UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CLARENCE R. HULL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:20-CV-94-TAV-CRW |
| ) | |
| LOGAN EDWARDS, ) | |
| CPL. GUIZZOTTI, ) | |
| NURSE JOHNSON, and ) | |
| NURSE CORNETT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claim that Defendants failed to timely provide him medical care in violation of the Eighth Amendment [Doc. 10 p. 8–11]. Now before the Court are Plaintiff's motion to subpoena witnesses [Doc. 49], motion for appointment of counsel [Doc. 53], and motion to dismiss or overturn his sentence [Doc. 54]. The Court will address Plaintiff's motion for appointment of counsel before addressing his motion to subpoena witnesses and his motion to dismiss or overturn his sentence.

### I. COUNSEL

First, Plaintiff's motion for appointment counsel includes a form that he signed stating that he is indigent and proceeding *in forma pauperis* herein, "has no legal training or experience," obtained the form from the law library, does not have "meaningful access to the courts without appointed counsel," "has only a rudimentary understanding of reading

and writing," and "has a limited education level" [Doc. 53 p. 1]. The motion also claims that appointing Plaintiff counsel would benefit the interests of "justice, judicial economy[,] and due process of law" and that prison library aides have informed Plaintiff that they cannot assist him due to the number of illiterate inmates they are assisting [*Id.* at 1–2].

Plaintiff also included a handwritten document with this motion in which he states that his case has merit and that he does not have the ability to investigate the facts, obtain discovery and depositions, or "access [] witnesses [he] cannot get to or documents [he is] not allowed to have" [*Id.* at 4]. Plaintiff further states that his lack of experience and the "complex discovery rules clearly put him at a disadvantage in countering [Defendants'] discovery tactics" [*Id.* at 5].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

As to the first and second factors, as set forth above, this complaint for violation of § 1983 is proceeding as to Plaintiff's claim that Defendants failed to timely provide him medical care in violation of the Eighth Amendment, which is not overly factually or legally complex. Moreover, as to the third factor, it is apparent from Plaintiff's filings that he can

2

adequately present his claims. Also, like all prisoners proceeding pro se before the Court, Plaintiff must learn the Court's Local Rules and the Federal Rules of Civil Procedure and use those Rules to obtain the discovery he requires in this case. And Plaintiff's conclusory allegations that he cannot access unspecified witnesses or documents fail to establish that this is an extraordinary case that entitles him to appointed counsel.

Thus, after considering the relevant factors, the Court finds that Plaintiff is not entitled to appointment of counsel, and his motion seeking this relief [*Id.*] will be **DENIED**.

## II. SUBPOENAS

Plaintiff has also filed a motion requesting that the Court subpoena all Defendants, "Dr. Ms[.] Grinchuk," and a number of other correctional officers, all of whom he states worked at Northeast Correctional Complex ("NECX") at the time of the incident underlying his complaint [Doc. 49 p. 1]. In this motion, Plaintiff also asks that the Court assist him by issuing a subpoena for a surgeon, doctor, nurses, and others from Franklin Woods Community Hospital in Johnson City, Tennessee, states that he does not have the resources to get names of those individuals, and therefore asks that the Court "help or provide resources so [he] can obtain information" [*Id.*]. Plaintiff attached various forms and handwritten documents that he labeled "request for admission" and "documents that may be used at trial" to this motion [Doc. 49-1].

However, the Court has notified that Plaintiff that the Clerk will issue him subpoena forms at his request, that it is his responsibility to serve any subpoenas he believes are necessary, and that if he cannot afford to serve the subpoenas, then he must file a motion

3

asking the Court to serve them [Doc. 31 p. 5]. While some of the documents filed with Plaintiff's motion for subpoenas appear to contain summaries of information that some individuals may have that may be relevant to his case [Doc. 49-1], Plaintiff has not provided the Court with completed subpoena forms for any of those individuals, as required prior to issuance of a subpoena. Fed. R. Civ. P. 45(a)(3). Moreover, to the extent that Plaintiff seeks to obtain discovery or information from Defendants or third parties through this motion, or seeks to have the Court obtain such information on his behalf, the Court is not the vehicle through which Plaintiff obtains discovery, and Plaintiff does not state that he has been unable to obtain the records or information he seeks in this motion through discovery in this case. Additionally, after he filed this motion, Plaintiff requested and received subpoena forms from the Clerk [Doc. 55], which he may use in accordance with the applicable Rule(s).

Accordingly, Plaintiff's motion for subpoenas [Doc. 49] will be **DENIED without prejudice**.

### III. CONVICTION

Plaintiff has also filed a motion to dismiss or overturn an unspecified conviction in which he sets forth various allegations about a criminal proceeding against him [Doc. 54 p. 1–3], and he requests that the Court "'forward it [wherever] it need[s] to go'" [*Id.* at 3]. It appears from a document filed with this motion that Plaintiff previously filed it with the United States District Court for the Middle District of Tennessee, which returned the

4

motion to him with a notice stating that it was doing so because it had transferred this case to this Court [*Id.* at 4].

However, Plaintiff's motion to overturn or dismiss his conviction has nothing to do with Plaintiff's claim for violation of the Eighth Amendment that is proceeding in this case, and it is not properly filed with this Court. Also, it is not the Court's responsibility to determine where Plaintiff should file this unrelated motion or to forward the motion to that place. Accordingly, this motion [*Id.*] will be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to appoint counsel [Doc. 53] is **DENIED**;

2. Plaintiff's motion for subpoenas [Doc. 49] is **DENIED without prejudice**;

3. Plaintiff's motion for to overturn or dismiss his conviction [Doc. 54] is **DENIED**; and

4. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5