UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CLARENCE R. HULL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 2:20-CV-94-TAV-CRW |
| | ) |
| LOGAN EDWARDS, | ) |
| CPL. GUIZZOTTI, | ) |
| NURSE JOHNSON, and | ) |
| NURSE CORNETT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Now before the Court are Defendants Nurse Cornett and Cpl. Guizzotti's motion to extend deadlines [Doc. 67] and Defendants Edwards and Johnson's motion for leave to file Plaintiff's medical record excerpts under seal [Doc. 71]. The Court will address these motions in turn.

### I. MOTION TO EXTEND DEADLINES

First, in their motion to extend deadlines, Defendants Nurse Cornett and Cpl. Guizzotti seek to extend both the discovery and the dispositive deadlines in this case by thirty days and to extend their deadline to file a pretrial narrative statement [Doc. 67 p. 1–2]. In support of these requests, they assert that (1) Attorney Kristen Walker was recently assigned as lead counsel; (2) Mrs. Walker filed a motion to appear pro hac vice in December 2021 that was pending when they filed the motion, and therefore "her electronic filing capabilities [were] still pending" at that time; and (3) Mrs. Walker "needs additional time to

complete discovery and prepare a dispositive motion" due to her "recent assignment to the case and her pending admission status" [Doc. 67 p. 1–2]. On March 10, 2022, Plaintiff filed a response in opposition to this motion noting that the Court previously granted Defendants' motion to extend the relevant deadlines by ninety days due to new attorneys being added to the case [Doc. 70 p. 1]. Plaintiff also asserts that Defendants have not set forth any legitimate reason to extend the relevant deadlines and points out that he filed his pretrial narrative statement ahead of that deadline [*Id.* at 1–2].

The Court will address Defendants' request to extend the discovery deadline before addressing the dispositive motion and pretrial narrative statement deadlines.

### A. Discovery Deadline

First, Defendants Nurse Cornett and Cpl. Guizzotti filed their motion to extend deadlines on March 2, 2022, which was approximately two weeks after the applicable discovery deadline of February 17, 2022 [Doc. 64 p. 1], had passed. But they have not established that their failure to timely complete discovery or timely file a timely extension of time to do so was due to excusable neglect.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has stated that the "excusable neglect" determination is an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). "Although inadvertence, ignorance of the rules,

2

or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that clear that 'excusable neglect' under Rule 6(b) is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392. Factors to be considered in considering a motion under Rule 6(b) include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The reason for the delay is the most important factor. *United States v. Munoz*, 605 F.3d 359, 372–73 (6th Cir. 2010).

While Defendants Nurse Cornett and Cpl. Guizzotti note that Mrs. Walker was "recently" assigned as lead counsel to their case and had a pending pro hac vice motion that she filed in December 2021, they do not state when Mrs. Walker was assigned to this case. And while the record demonstrates that Mrs. Walker was not approved as pro hac vice counsel until recently, these Defendants have not demonstrated how this limitation prevented them from timely conducting discovery or timely filing a motion for extension of time to do so, as two other attorneys have appeared on their behalf in this matter. Additionally, these Defendants notably do not specify what, if any, discovery they are still attempting to obtain. Thus, while it is unclear whether the proposed extension would cause Plaintiff prejudice, and it does not appear that this discovery extension would impact the trial proceeding, Defendants simply have not met their burden to show that their failure to timely complete discovery or timely seek an extension of time to do so was due to excusable neglect, as Rule 6(b)(1) requires.

Thus, Defendants Nurse Cornett and Cpl. Guizzotti's motion for extension [Doc. 67] will be **DENIED in part** to the extent that it seeks extension of the discovery deadline.

### B. Dispositive Motion Deadline

As Defendants Nurse Cornett and Cpl. Guizzotti filed their request to extend the dispositive motion deadline approximately three weeks before this deadline passed, Rule 6(b)(1)(a) provides that the Court may extend this deadline for good cause. But again, these Defendants have not provided any reason that the two other attorneys who have appeared on their behalf could not have timely filed a dispositive motion on their behalf. Moreover, when the Court extended the dispositive deadline to March 28, 2022, on November 29, 2021, in accordance with Defendant's request that the Court do so due to new attorneys appearing in the case, it did not extend the trial date in this action, which is rapidly approaching on July 26, 2022 [Doc. 31 p.1]. Accordingly, Defendants Nurse Cornett and Cpl. Guizzotti's motion for extension will be **DENIED in part** to the extent that they seek extension of the dispositive motion deadline.

### C. Pretrial Narrative Statement

Lastly, as set forth above, Defendants Nurse Cornett and Cpl. Guizzotti also seek extension of their deadline to file a pretrial narrative statement, which passed April 5, 2022 [Doc. 31 p. 2]. Notably, while these Defendants filed their motion for extension of this deadline before the deadline passed, the Court had not yet ruled on this motion when the deadline passed, and Defendants still did not timely file a pretrial narrative statement, even though the Court's scheduling order notifies them that failure to fully disclose the substance

4

of the evidence they will offer at trial in a pretrial narrative statement "will result in the *exclusion* of that evidence" [*Id.*].

Nevertheless, Defendants Nurse Cornett and Cpl. Guizzotti's motion for extension [Doc. 67] will be **GRANTED in part** only to the extent that they will have ten (10) days from the date of entry of this order to file a pretrial narrative statement.

## II. MOTION TO FILE UNDER SEAL

In their motion to file excerpts of Plaintiff's medical records under seal, Defendants Johnson and Edwards seek to file these documents under seal based on the Health Insurance Portability and Accountability Act's safeguards for these records [Doc. 71 p. 1–2]. For good cause shown therein and in light of Plaintiff's lack of any opposition thereto, this motion [*Id.*] will be **GRANTED**.

## III. CONCLUSION

For the reasons set forth above:

1. Defendant Nurse Cornett and Cpl. Guizzotti's motion for extension of deadlines [Doc. 67] is **DENIED in part** to the extent it seeks extension of the discovery and dispositive motion deadlines and **GRANTED in part** to the extent that they shall have ten (10) days from the date of entry of this order to file a pretrial narrative statement;

2. Defendants Johnson and Edwards's motion to file Plaintiff's medical records under seal [Doc. 71] is **GRANTED**; and

3. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn.

L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

**ENTER:**

                        s/ Thomas A. Varlan
                        UNITED STATES DISTRICT JUDGE