UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CLARENCE R. HULL, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:20-CV-94-TAV-CRW |
| LOGAN EDWARDS, CPL. GUIZZOTTI, NURSE JOHNSON, and NURSE CORNETT, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claims that defendants failed to timely provide him medical care in violation of the Eighth Amendment while he was in the Northeast Correctional Complex ("NECX") [Doc. 10 pp. 8–11]. Now before the Court are Nurse Logan Edwards and Nurse Jamie Johnson's motions for summary judgment [Docs. 74, 77]. Plaintiff responded [Doc. 88], and Nurse Edwards and Nurse Johnson replied [Docs. 89, 90]. Also before the Court is Plaintiff's second motion to appoint counsel [Doc. 91].

For the reasons set forth below, Nurse Edwards's motion for summary judgment [Doc. 74] is **GRANTED**, Nurse Johnson's motion for summary judgment [Doc. 77] is **DENIED**, and Plaintiff's second motion to appoint counsel [Doc. 91] is **DENIED**.

## I. MOTIONS FOR SUMMARY JUDGMENT

### A. Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

### B. Plaintiff's Evidence

The Court previously summarized Plaintiff's allegations against Nurse Edwards and Nurse Johnson in his sworn amended complaint, which the Court treats as an affidavit for purposes of summary judgment, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment), as follows:

> [On March 8, 2020], at approximately 9:00 p.m., Plaintiff told Nurse Johnson that he was having pain in his genitals and had experienced an erection lasting approximately twenty-four hours. Nurse Johnson asked if Plaintiff had filled out a sick call request, and Plaintiff told her that he had been trying, but officers had not been able to find one. Plaintiff also told her that the pain was severe, and he needed to see a doctor or go to the emergency room, as

2

he could barely walk or sit down. However, Nurse Johnson told Plaintiff that the only way he would receive medical attention that night was if he was "layin[g] on the floor half dead," at which point Plaintiff told her that he might be dead by the next day if he did not receive medical attention that night, but she walked away while he was still talking.

[On March 9, 2020], at approximately 8:30 a.m., Nurse Cornett called Plaintiff to a medical room and asked him what was wrong. Plaintiff told Nurse Cornett that he had not been able to sleep and could barely walk due to the pain in his penis and he had experienced an erection lasting since Saturday night (approximately 34 hours). Plaintiff showed Nurse Cornett his penis, and Nurse Cornett told Plaintiff that medical treatment is necessary for an erection lasting more than four hours to avoid disfigurement or removal of the penis. As a result, Nurse Cornett told Plaintiff that he would be taken to the emergency room, after Nurse Cornett spoke to [Nurse Edwards]. However, Plaintiff never heard back from Nurse Cornett. . . .

Throughout that same day, Plaintiff continued asking an officer if he had heard anything from a doctor or nurse, and the officer finally spoke to Nurse Cornett, who told the officer that he had informed [Nurse Edwards] about Plaintiff's situation and did not understand why Plaintiff was not in the emergency room. Plaintiff then told the officer to call Corporal Guizzotti, and, when Corporal Guizzotti arrived, Plaintiff explained his situation, but after Corporal Guizzotti left to call [Nurse Edwards], he returned and told Plaintiff that the officer had already called [Nurse Edwards] for Plaintiff several times. Corporal Guizzotti also told Plaintiff that [Nurse Edwards] was busy, and when he wanted to see Plaintiff, he would call. However, Plaintiff states that he later learned in the infirmary that medical had called Corporal Guizzotti to bring Plaintiff to the infirmary at some point, but Corporal Guizzotti was busy and forgot.

[Doc. 10 pp. 2–4 (internal citations omitted)].

In his response in opposition to Nurse Edwards and Nurse Johnson's motions for summary judgment, Plaintiff relies on the following:

(1) Nurse Edwards's interrogatory response indicating that he "remembers speaking to another NP at the facility on March 9, 2020, about a potential patient coming to the clinic . . . . to be seen" but this "patient did not present prior to [Nurse Edwards's] shift ending" [Doc. 88 p. 13];

3

(2) Nurse Douglas Cornett's interrogatory response indicating that Nurse Cornett "may have told Plaintiff he would talk to his charge nurse" about Plaintiff's medical condition on March 9, 2022 [*Id.* at 16–17];

(3) Nurse Edwards's statements in his affidavit that because he was never notified that Plaintiff had a prolonged erection, he left his shift at the normal time on March 9, 2020, and "no action" of his caused Plaintiff injury [*Id.* at 18–19];

(4) Nurse Edwards's statements in his answer to the complaint indicating that he was not a doctor employed by various entities during the time of the events alleged in the complaint [*Id.* at 22];

(5) Statements from the Court's order denying Nurse Edwards's motion to dismiss the claim against him [*Id.* at 23–25]; and

(6) Plaintiff's March 15, 2020, NECX sick call request that appears to have a signature from a nurse with the last name of "Johnson" but a first name other than "Jamie" [*Id.* at 32].[1]

But while Plaintiff relies on all of these documents, only Nurse Edwards's affidavit [*Id.* at 18–19] and the relevant NECX medical record [*Id.* at 32], which is from Plaintiff's certified medical records [Doc. 84 p. 7] appear to be sworn, and the Court can only consider sworn filings in ruling on summary judgment. *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements when ruling on summary judgment). Thus, the Court will not consider the unsworn documents on which Plaintiff relies but will consider his sworn amended complaint and the sworn documents on which he relies.

---

[1] Notably, with his pretrial narrative statement, Plaintiff also filed other NECX medical records from May, June, and July of 2020, that he alleges Nurse Johnson signed [Doc. 66-1 pp. 17–22].

4

### C. Defendants' Evidence

In support of his motion for summary judgment, Nurse Edwards filed an affidavit testifying that "[he] was never notified that [] Plaintiff was experiencing an erection that had lasted over twenty-four (24) hours" and therefore "left [his] shift on March 9, 2020 at [his] normal time" [Doc. 74 pp. 1–2]. He further testifies that "[a]t no time was [he] deliberately indifferent to any known serious medical need of [Plaintiff]" and "[n]o act or omission on [his] part caused any injury to [Plaintiff]" [*Id.* at 2].

In support of her motion for summary judgment, Nurse Johnson filed an affidavit testifying that she ended her employment with NECX on January 23, 2020, and therefore was not aware of or responsible for Plaintiff's condition during the relevant time [Doc. 77-1 pp. 1–2].

Both Nurse Edwards and Nurse Johnson also rely upon Plaintiff's responses to discovery requests, including his response of "N/A" to the discovery request asking him to identify the experts he expects to call at trial [Doc. 74 pp. 2–3; Doc. 77 pp. 2–3; Doc. 74-3 p. 8], as well as Plaintiff's medical records [Doc. 84].

### D. Analysis

Nurse Edwards and Nurse Johnson argue that (1) while Plaintiff challenges the adequacy of the medical treatment he received, he has no expert witness to testify that the delay in receiving treatment was detrimental to him; and (2) Plaintiff has no proof that Nurse Edwards and Nurse Johnson were deliberately indifferent to his condition [Doc. 75 pp. 5–10; Doc. 78 pp. 6–11].

5

A prison official's deliberate indifference to a prisoner's serious medicals needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–05. Establishing a violation of the Eighth Amendment in the medical context requires evidence that that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Such a claim "has [both] objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

Under the objective prong, the court must determine whether the plaintiff had a sufficiently serious medical need. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). A plaintiff may establish a serious medical need in two ways: (1) by showing that the injury was so obvious that even a layperson would easily recognize the need for medical treatment; or (2) if the injury was less obvious or the prisoner challenges a denial of a certain medical treatment, by showing the detrimental effect of a delay in treatment. *Blosser v. Gilbert*, 422 F. App'x 453, 460 (6th Cir. 2011) (citing *Blackmore*, 390 F.3d at 897).

Where a prisoner's claim arises from an injury that a layperson would easily recognize required a doctor's attention, the prisoner does not need to present medical evidence to establish that a delay in treatment harmed him. *Blackmore*, 390 F.3d at 899–900 (internal quotation marks and citations omitted). But where the claim arises out

6

of "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *id.* at 898, the prisoner must "place verifying medical evidence in the record" to establish that the delay in treatment had a detrimental effect on his condition. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001)).

The subjective component requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference is more than mere negligence—it requires a mental state amounting to criminal recklessness. *Santiago*, 734 F.3d at 591 (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 839–40 (1994)). To meet this subjective standard, the defendant must have: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "draw[n] the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

1. **Objective Prong**

With regard to the objective prong, which requires Plaintiff to show that he had a sufficiently serious medical need, Nurse Edwards and Nurse Johnson do not assert that Plaintiff did not have an obvious need for medical attention. Rather, they claim that Plaintiff challenges a failure to adequately treat his condition and therefore must present expert testimony to prove that the delay in him receiving treatment had a detrimental effect on him [Doc. 75 pp. 6–7; Doc 78 pp. 7–8].

7

However, neither Nurse Johnson nor Nurse Edwards specify what medical treatment Plaintiff received during the time periods relevant to his claims, nor is any such medical treatment evident in the record. To the contrary, as set forth above, Plaintiff's sworn amended complaint establishes that he first requested treatment for his medical condition from Nurse Johnson on the evening of March 8, 2020, at which point she effectively denied that request before walking away from Plaintiff while he was still talking. Plaintiff's sworn amended complaint further sets forth that he next told Nurse Cornett about his condition on the morning of March 9, which is supported by the certified medical records [Doc. 82 p. 4]. But Plaintiff does not allege that he received any medical treatment during his interaction with Nurse Cornett on the morning of March 9, nor does the medical record indicate that Plaintiff received any such treatment [*Id.*]. Rather, Plaintiff alleges only that Nurse Cornett told Plaintiff he would contact Nurse Edwards about Plaintiff's condition because it required medical attention.

Thus, while Nurse Edwards and Nurse Johnson generally assert that Plaintiff challenges the adequacy of the medical treatment he received, neither of them support this general assertion by pointing to any proof in the record that Plaintiff received any medical treatment for this condition during the relevant time period, and the Court has not located any such proof in the record.

Accordingly, the Court finds that Nurse Edwards and Nurse Johnson have failed to establish that Plaintiff challenges the adequacy of any medical treatment and therefore must

present expert testimony regarding the delay in providing him medical treatment. As such, Nurse Edwards and Nurse Johnson are not entitled to summary judgment on this ground.

### 2. Subjective Prong

The Court will now address whether Plaintiff has set forth sufficient evidence that Nurse Edwards and Nurse Johnson were deliberately indifferent to his serious medical need, as required for the subjective prong of his Eighth Amendment claim. The Court will address the relevant evidence regarding Nurse Edwards and Nurse Johnson in turn.

#### a. Nurse Edwards

As to Nurse Edwards, as set forth above, Plaintiff has set forth sworn proof that on the morning of March 9, he told Nurse Cornett about his condition, and Nurse Cornett told Plaintiff he would talk to Nurse Edwards about Plaintiff's condition and later told Plaintiff and others that he had spoken with Nurse Edwards about Plaintiff's condition and did not understand why Plaintiff was not in the hospital. However, as Plaintiff's sworn proof regarding these incidents relies on Nurse Cornett's statements outside of a trial or hearing to prove that Nurse Cornett made Nurse Edwards aware of Plaintiff's condition, it is inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802, 803. Accordingly, the Court must disregard this testimony in ruling on Nurse Edwards's motion for summary judgment. *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) ("[E]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded" (internal quotation marks omitted)).

9

And, as set forth above, Nurse Edwards has presented sworn proof that he was unaware of Plaintiff's condition on March 9, and that no act or omission of his caused Plaintiff any injury. Without knowledge of Plaintiff's condition, Nurse Edwards could not have been deliberately indifferent to that condition. And the Court has not located any admissible evidence in the record from which a reasonable jury could find that Nurse Edwards knew of Plaintiff's condition but deliberately failed to treat it during the relevant time period.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Thus, Nurse Edwards's motion for summary judgment [Doc. 74] is **GRANTED**.

### b. Nurse Johnson

As set forth above, Plaintiff alleges in his sworn complaint that on March 8, 2020, he requested that Nurse Johnson help him obtain medical care but she denied this request. But Nurse Johnson states in her affidavit in support of her motion for summary judgment that she cannot be liable for Plaintiff's claims against her because she stopped working at NECX on January 23, 2020. In response, Plaintiff points out that his certified medical record contains his March 15, 2020, sick call request that appears to have a signature from a nurse with the last name of Johnson [Doc. 84 p. 7]. However, as the Court previously

10

noted, the NECX medical record from March 15, 2020, which Plaintiff alleges Nurse Johnson signed [Doc. 84 p. 7], appears to have been signed by an individual with a first name other than Jamie.

The Supreme Court has held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Coble v. City of White House, Tennessee*, 634 F.3d 865, 868–69 (6th Cir. 2011) (holding that *Scott* is not limited to cases involving videotape evidence). However, if the non-moving party's "account does not require such a suspension of reality that no reasonable juror could accept it . . . that is enough to allow a jury to hear the claim." *Jones v. Garcia*, 345 F. App'x 987, 990 (6th Cir. 2009). That a party "may have a difficult time winning his case does not disable him from trying, at least so far as Rule 56 is concerned." *Id.*

Here, the Court cannot say that Plaintiff's version of events is blatantly contradicted by the record solely on the basis of Nurse Johnson's contradicting affidavit. The Court notes that "in reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited." *Coble*, 634 F.3d at 870 (internal alterations and quotation marks omitted). Because Nurse Johnson has presented no evidence, beyond her affidavit, that she was no longer employed by NECX during the relevant time period, the Court would necessarily be required to make a credibility determination if it were to find that Plaintiff's version of events was blatantly contradicted by this record. The Court ultimately

11

finds that Plaintiff and Nurse Johnson's contradictory statements regarding whether Nurse Johnson was working as a nurse at NECX during the relevant time period creates a genuine issue of material fact as to Plaintiff's claim of deliberate indifference.

Moreover, while Nurse Johnson argues that Plaintiff's claim amounts to mere disagreement with the medical care he received and/or an allegation of medical malpractice [Doc. 78 p. 11], she again points to no evidence in the record to support a finding that Plaintiff was provided *any* medical care during the relevant time period, and the Court has not located any such proof in the record. And, the Court notes, medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

Thus, Plaintiff and Nurse Johnson's contradicting sworn proof regarding whether Nurse Johnson denied Plaintiff medical care on the evening of March 8, 2020, creates a genuine issue of material fact that precludes a grant of summary judgment to Nurse Johnson, and Nurse Johnson's motion for summary judgment [Doc. 77] is therefore **DENIED**.

## II.    SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a second motion for appointment of counsel in which he states in pertinent part that: (1) this case has both merit and obstacles, including a need for extensive documentary discovery depositions and access to witnesses; (2) he cannot obtain witnesses, including an expert witness; (3) he does not understand some of defendants' filings, including a pending motion regarding pretrial deadlines [Doc. 87]; (4) defendants keep

asking him for more discovery but he has given them everything he has; and (5) his incarceration and lack of legal experience limits his ability to proceed in this case and his ability to subpoena witnesses despite his use of the law library at his facility [Doc. 91 pp. 1–2].

However, the Court notes that the record establishes that (1) the scheduling order provides information regarding issuance of civil subpoenas in this case [Doc. 31 p. 5]; (2) the discovery deadline in this case has long passed [Docs. 31, 64], and Plaintiff filed a response in opposition to Nurse Cornett and Corporal Robert Guizzotti's motion requesting to extend that deadline [Doc. 70], which the Court denied [Doc. 83]; (3) Plaintiff already filed his pretrial narrative statement listing the witnesses he intends to call in this case [Doc. 66]; and (4) the Court denied Plaintiff's first motion to appoint counsel [Doc. 56 pp. 1–3, 5], and Plaintiff has not set forth any reasons for the Court to reconsider this ruling. For all these reasons, Plaintiff's second motion to appoint counsel [Doc. 91] is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Nurse Edwards's motion for summary judgment [Doc. 74] is **GRANTED**, Nurse Johnson's motion for summary judgment [Doc. 77] is **DENIED**, and Plaintiff's second motion to appoint counsel [Doc. 91] is **DENIED**.

Further, Plaintiff is **ORDERED** to immediately inform the Court and Defendants' counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute

or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
